UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
REGINALD HERBIN,

                              Plaintiff,

        -against-

NYPD P.O. ANDRE BLAKE #27155;
CORRECTION OFFICER JOHN DOE;
NEW YORK CITY POLICE DEPARTMENT;
NYC DEPT. OF CORRECTION; and
THE CITY OF NEW YORK,

                              Defendants.
-------------------------------------------------------------------x

**MEMORANDUM & ORDER**

14-CV-3636 (SLT)(JO)

**TOWNES, United States District Judge:**

Plaintiff Reginald Herbin, currently housed at the Brooklyn House of Detention, brings

this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's request to proceed *in*

*forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. (ECF No. 2.) For the reasons discussed

below, Plaintiff's claims against the New York City Police Department and New York City

Department of Correction are dismissed. Plaintiff's claims against Police Officer Blake,

Correction Officer John Doe, and the City of New York shall proceed.

**STANDARD OF REVIEW**

Because Plaintiff proceeds *pro se*, the Court must liberally construe his submissions and

read them "'to raise the strongest arguments that they suggest.'" *Green v. United States*, 260

F.3d 78, 83 (2d Cir. 2001) (quoting *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996)).

Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-

pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum*

*Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)). A

complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

However, 28 U.S.C. § 1915A states that a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999) (recognizing district court's obligation under § 1915A to screen prisoner complaints and dismiss *sua sponte* if complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted").

## BACKGROUND

For the purpose of this Memorandum and Order, the Court accepts as true the following facts from Plaintiff's amended complaint.[1] Plaintiff alleges that on or about May 15, 2011, he was, *inter alia*, unlawfully searched, detained, and arrested by Police Officer Blake while he was sitting on a bench in Brooklyn, New York. (Compl. at 4–5, ECF No. 1.) Thereafter, Plaintiff was transferred to the Otis Bantum Correctional Center at Rikers Island ("OBCC") where on

---

[1] "'[A]n amended complaint ordinarily supersedes the original and renders it of no legal effect.'" *Arce v. Walker*, 139 F.3d 329, 332 n.4 (2d Cir. 1998) (quoting *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)). However, Plaintiff's *pro se* status obliges this Court to construe his submissions liberally and interpret them "'to raise the strongest arguments that they *suggest*.'" *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis in original). To this end, the Court reads Plaintiff's original and amended complaints together. *See, e.g., Nichairmhaic v. Dembo*, No. 3:13-CV-01184 (JCH), 2013 WL 6385041, at *1 n.1 (D. Conn. Dec. 4, 2013) (reading *pro se* plaintiff's original and amended complaints together "in order to give the strongest effect to the allegations").

May 17, 2011, Correction Officer John Doe physically assaulted him. (*Id.* at 5–6.) Plaintiff identifies Correction Officer John Doe as the correction officer who worked the 7:00 a.m. – 3:00 p.m. shift. (*Id.* at 3.) Plaintiff states that Correction Officer John Doe, "maced me in my eyes and then slammed my head into the floor repeatedly causing injury to my head. I was then transfer[r]ed to the Medical Department of O.B.C.C. for treatment of my injuries." (*Id.* at 6.) Plaintiff further states that the charges stemming from his May 15, 2011 arrest were dismissed by "Acquit[t]al by Bench." (*Id.* at 2.) Plaintiff alleges that the City of New York's policies and customs deprived him of constitutional rights. (*See* Am. Compl., ECF No. 6.) Plaintiff seeks monetary damages. (Compl. 7, ECF No. 1.)

## DISCUSSION

To the extent Plaintiff seeks to name the New York City Police Department and New York City Department of Corrections as defendants, his claim fails. The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter § 396. The New York City Police Department and New York City Department of Correction are agencies of the City of New York and thus do not constitute suable entities. *See, e.g., Lopez v. Zouvelos*, No. 13-CV-6474 (MKB), 2014 WL 843219, at *2 (E.D.N.Y. Mar 04, 2014) (dismissing claims against the NYPD and NYDOC as non-suable entities); *Henderson v. Kelly*, No. 13 CV 5738, 2014 WL 689046, at *1 (E.D.N.Y. Feb 20, 2014) (dismissing claims against NYPD as a non-suable entity).

## CONCLUSION

Accordingly, all claims against the New York City Police Department and New York City Department of Correction are dismissed. 28 U.S.C. § 1915A. No summons shall issue as to these defendants and the Clerk of Court is directed to amend the caption to reflect the dismissal of these defendants.

Plaintiff's claims shall proceed against Police Officer Blake, Correction Officer John Doe, and the City of New York. The United States Marshal Service is directed to serve the summons, complaint, and this Order upon Police Officer Blake and the City of New York without prepayment of fees.

Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (per curiam), the Court requests that the Corporation Counsel of the City of New York ascertain the full name of Correction Officer John Doe who was allegedly involved in the events that occurred on or about May 17, 2011. The Corporation Counsel is also requested to provide the address where the defendant can currently be served. The Corporation Counsel need not undertake to defend or indemnify this individual at this juncture. This Order merely provides a means by which plaintiff may name and properly serve the defendant as instructed by the Second Circuit in *Valentin*. The Corporation Counsel is further requested to produce the information specified regarding the identity of this defendant within forty-five (45) days from the entry of this Order. Once this information is provided, Plaintiff's complaint shall be deemed amended to reflect the full names of the defendants and the Court shall direct additional service accordingly.

The Clerk of Court is respectfully requested to send a copy of this Order to Plaintiff. The case is referred to Magistrate Judge James Orenstein for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

/S/ Judge Sandra L. Townes

SANDRA L. TOWNES
United States District Judge

Dated: January 14, 2015
Brooklyn, New York