UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

REGINALD HERBIN,
    Plaintiff,

- against -

BLAKE, ET AL.,
    Defendants.

Case No.: 1:14-cv-03636-MKB-JO

ATTN: HON. MARGO K. BRODIE;
U.S. DISTRICT COURT MAGISTRATE

RE.: AMENDED CLAIM FOR CAUSE OF ACTION AGAINST THE DEFENDANT CITY OF NEW YORK: MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

Dear Honorable Margo K. Brodie,

    I heres now upon your order to Amend the above referenced matter, plaintiff incorporates each and every allegation and averment set forth herein that:

    The defendant NYPD officer Blake arrested and incarcerated the plaintiff in the absence of any evidence of criminal wrongdoing, knowingly that said arrest and incarceration would jeopardize the plaintiffs liberty, well-being, safety and constitutional rights. The acts complained of were carried out by the individual defendants in their capacities as police and correction officials with all the actual and/or apparent authority attendant thereto. The defendant officers acted under the color of law, in their official capacity, and their acts were performed pursuant to the customs, policies, usages, practices, procedures and rules of the City of New York and its police department and corrections department.

The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and its police and corrections department include, but are not limited to the following unconstitutional practices:

a. Wrongfully arresting individuals on the pretext that they are / where involved in illegal vice transactions;

b. Manufacturing evidence against individuals allegedly involved in illegal vice transactions;

c. Unlawfully searching detainees and/or their property in the absence of any reasonable suspicion that said individuals were concealing weapons or contraband;

d. Arresting innocent persons in order to meet "productivity" goals (i.e. arrest quotas); and

e. Wrongfully and unreasonably brutalizing innocent members of the public, despite the lack of probable cause to do so.

The aforesaid incidents were not isolated events. The City and its police and corrections Commissioner(s) have been aware of for some time, from lawsuits, notices of claim, complaints filed with the Internal Affairs Bureau, Civilian Complaint Review Board, Board of Corrections, ect., and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of their officers unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obviously illegal actions of their fellow officers. Nevertheless, the City and its police and corrections Commissioner have allowed policies and practices that allow the aforementioned acts to persist. For example, the well documented failures of the Civilian Complaint Review Board ("the C.C.R.B"), a City agency, to

substantiate obviously meritorious citizen complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them. In addition the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officer's misconduct, thus officers have no real incentive to come forward, or to testify truthfully at the CCRB. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, back to the original source of the complaint, once finding misconduct by an officer. The NYPD once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility of following up on substantiated CCRB charges, is understaffed and under-utilized. Furthermore, in the extrodinary rare event, such as the matter at bar, that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police Commissioner still maintains the power to reduce the discipline against such an officer, which has been done on many occassions. Further, the City and its police & corrections Commissioner(s) have no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony ao uncorrected.

Furthermore, the existence of the aforesaid mentioned

unconstitutional customs and policies may also be inferred from the ruling (Docket entry 32) of the Court (Eastern District of New York), in the case(s) of Jose Colon v. City of New York, et al (09-cv-8), wherein the Court stated, inter alia, that "Informal inquiry by the Court and among the judges of this Court, as well as knowledge of cases in other federal and state Courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting officers of the New York City Police Department," and that "there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the City approving the illegal conduct of the kind now charged". (also see: Maximo Colon v. City of New York, et al (09-cv-9]).

The aforesaid customs, policies, usages, practices, procedures and rules of the City of New York, constituted a deliberate indifference to the safety, well-being and constitutional rights of all defendants, including but not limited to the plaintiff; where the proximate cause of, and moving force behind, the constitutional violations suffered by the plaintiff as alleged herein, and deprived plaintiff of the following rights, privileges and immunities secured to him by the Constitution of the United States:

(a) The right of the plaintiff to be secure in his person and effects against unreasonable searches and seizures under the 4th and 14th amendments to the Constitution of the United States.

(b) The right of the plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protections of the laws, secured to him by the Fifth & Fourteenth Amendments to the Constitution of the United States.

(c) The right to be free from unreasonable detention and/or continued detention without probable cause in that the plaintiff was

4

detained.

(d) The right to be free from the use of excessive force. As a result of the actions of the defendants, the plaintiff was deprived of his rights, privileges, and immunities secured by the United States Constitution, in particular, the fourth, fifth & fourteenth Amendments, in contravention of 42 USC § 1983 and the laws of New York State, and New York City without just or legal cause when defendant(s) City, by its employees and/or agents unlawfully arrested and imprisoned the plaintiff thereby depriving him of his liberty without due process of law.

The defendant officers were the actual agents of defendant City of New York and were following the customs, practices, ordinances and/or regulations of the City of New York when they violated the plaintiffs Constitutional rights and Civil rights, and the City of New is therefore responsible for their acts, and liable to the plaintiff for the damages suffered. The actual principle/agent relationship between defendant City and the defendant officers was created by the fact they were employees of the defendant City, and the City had the right to, and it did indeed regulate and control the activities and conduct of the defendant officers. The defendant officers actions were vicious, wicked, cold-hearted, intentional, malicious, unwarranted and in violation of the law. The individual defendants had full knowledge that the charges made before the Court against the plaintiff was false and untrue.

Thank you for your time, consideration and all extended courtesies upon this concerned matter.

Respectfully submitted,
Reginald R. Herbin
PLAINTIFF

c.c. THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007
(212) 356-5053
ATTN: John L. Garcia;
Assistant Corporation Counsel

5

## DECLARATION OF SERVICE BY MAIL

I, Reginald R. Herbin, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on April 17, 2018, I served the plaintiff's Letter-Motion regarding Amended Claim for Causes of Action Against, The Defendant City of New York: Municipal Liability under 42 USC §1983, upon the following party by depositing copies of same, enclosed in a first-class mail postpaid properly addressed wrapper, in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to Defendant at the address set forth below, being the address designated by Defendant for that purpose:

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007
ATTN: John L. Garcia;
      Assistant Corporation Counsel
      Special Federal Litigation Division

Dated: St. Lawrence County
       Gouverneur, New York
       April 17, 2018

Reginald R. Herbin
PLAINTIFF
New York State Dept. of Corrections
and Community Supervision
Gouverneur Correctional Facility
112 Scotch Settlement Road
P.O. Box 480
Gouverneur, New York 13642-0370

**GOUVERNEUR CORRECTIONAL FACILITY**
P.O. BOX 480
GOUVERNEUR, NEW YORK 13642-0370

NAME: REGINALD HERBIN  DIN#: 17R2454

LEGAL MAIL

HONORABLE MARGO K BRODIE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
225 CADMAN PLAZA EAST
BROOKLYN, NEW YORK
11201

ATTN: PRO SE OFFICE

neopost
04/18/2018
US POSTAGE $000.68⁰
ZIP 13642
041L11253705

FILED
2018 APR 20 PM 3:09
US DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK
CLERK
USMS

Printed on Recycled Paper

**NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
OFFENDER CORRESPONDENCE PROGRAM**

NAME: REGINALD HERBIN    DIN: 17R2454